LAMAR, Justice,
dissenting:
¶20. To say that this case has not proceeded in a straight line to resolution is a huge understatement. In dismissing the federal action, the federal court observed that “... this case has progressed from a procedural conundrum to a procedural quagmire.... ” Unfortunately, I see today’s decision as only adding to the confusion, and I respectfully dissent.
¶ 21. Crawford appeals the grant of summary judgment arguing two issues:
*900 1) the applicability of the statute of repose to signs on a highway; and
2) waiver of the statute-of-repose defense by Custom Signs.
Without addressing either issue presented, the majority finds that summary judgment was improper because two questions of material fact exist:
1) ownership of the viaduct and
2) questions as to whether Custom Signs was responsible for the design, planning, supervision of construction, or construction to real property.[1]
¶ 22. Section 15-1-41 of the Mississippi Code, commonly known as a statute of repose, bars actions after a period of “six years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof.” I agree with Custom Signs that actual ownership of the viaduct is irrelevant to this analysis because the date the sign was put into use is known.
¶ 23. I would find that the circuit court properly granted summary judgment in this case. The six-year period of prescription set out in Section 15-1-41 began to run at the latest when the sign was put into use. The record reflects that the sign was installed on the viaduct and put into use in June 1997 — a fact that apparently is not disputed. Therefore, the deadline for any action to be brought “for injury ... arising out of deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property ...” was six years later, in June 2003. The first complaint was filed in federal court in November 2003. Without regard to who owns the viaduct or who issued the permit, the statute of repose has run. I would affirm the trial court.
DICKINSON, P.J., AND COLEMAN, J., JOIN THIS OPINION.

. Crawford’s complaint alleges that:
53. Custom Sign Co. is strictly liable for the improper design of the sign....
55. The sign was at the time it left the control of Custom Sign Co. designed in a defective manner....
56.... As a result of the design defect, the sign failed to function as expected....